64 273
118 337

[Department Two. — November 2, 1883.]

## CHARLES B. RICHMOND, APPELLANT, v. AMBROSE J. LATTIN ET AL., RESPONDENTS.

COUNTER-CLAIM — PRACTICE — FORECLOSURE. — In an action to foreclose a mortgage upon land, a sum of money due to the defendant from the plaintiff is a valid counter-claim under the provisions of subdivision two of section 438 of the Code of Civil Procedure.

SATISFACTION OF MORTGAGE — FORFEIT — DEMAND. — A demand for an acknowledgment of satisfaction of a mortgage must be made before a party is liable for a forfeit under the provisions of section 2951 of the Civil Code.

APPEAL from a judgment of the District Court of the Third Judicial District, and from an order refusing a new trial.

Action for foreclosure of a mortgage given by the defendants A. J. Lattin and Almira Lattin, his wife, to secure the payment of their note for one thousand dollars. The answer averred that the mortgaged property was community property of the defendants, and that the interest of Almira Lattin was a homestead right only. It was then averred, as a defense and counter-claim, that after the execution of the mortgage the defendant A. J. Lattin sold to the plaintiff an undivided interest in a patent right to a certain invention, for a consideration of two thousand dollars. Of this sum "one thousand dollars was to pay, satisfy, cancel, release, and discharge the said promissory note and mortgage in

full, and the remaining one thousand dollars to be paid to the defendant" at a certain specified time. It was further averred that the plaintiff, though often requested by the defendant, neglected and refused to give a certificate of satisfaction of the mortgage. The defendants asked for a decree adjudging that the mortgage was fully satisfied, and that they recover from the plaintiff one hundred dollars as forfeit for refusing to satisfy the mortgage, and "for such other and further orders, judgment, and relief" as might be proper. After trial the court decreed that the mortgage be satisfied, and that the defendant have judgment against the plaintiff for the sum of one thousand dollars, "and the further sum of one hundred dollars forfeit." The other facts sufficiently appear in the opinion of the court.

*Albert A. Moore*, and *John Reynolds*, for Appellant.

*J. C. Martin*, and *J. C. Plunkett*, for Respondents.

PER CURIAM.—This is an action to foreclose a mortgage. The affirmative relief asked for by the defendant is sufficiently stated as a counter-claim, as to the one thousand dollars (sub. 2, § 438, Code Civ. Proc.), and the evidence relating thereto is sufficient to sustain the findings. As to the one hundred dollars claimed as a forfeit for not executing, on demand, a certificate of discharge of the mortgage, the findings relating thereto are not sustained by the evidence. There is no evidence of the demand required by section 2951 of the Civil Code. As there is a want of evidence to sustain the findings in regard to the demand for satisfaction of the mortgage, and as we cannot direct a new trial on that portion of the case only, it is therefore ordered, that, if within twenty days next succeeding the filing of this opinion, the defendant shall file in this court a stipulation in due form, remitting the sum of one hundred dollars from the judgment in favor of the defendant, and consenting to a reduction of said judgment to that extent, the said judgment in that event shall be affirmed as to the remainder thereof. But if the defendant shall fail or neglect to file said stipulation within the said period above prescribed, then that said judgment be reversed, and said cause remanded for a new trial.

Hearing in Bank denied.