[L. A. No. 255.    Department Two.—September 22, 1897.]

FRANCIS J. McKEAN, Respondent, v. GERMAN-AMERI-
CAN SAVINGS BANK, Appellant.

MORTGAGE—BANK—GENERAL DEPOSIT CANNOT BE APPLIED TO MORTGAGE IN-
DEBTEDNESS.—Under section 726 of the Code of Civil Procedure, providing
that "there shall be but one action for the recovery of any debt
. . . . secured by mortgage," a bank, holding a debt secured by a
mortgage, cannot apply, in reduction or cancellation of the debt, a
claim due by it to the mortgagor, founded upon a general and or-
dinary deposit of money with it by the mortgagor.

ID.—SETOFF—CROSS DEMANDS—In an action to recover such a deposit, the
bank is not entitled, under section 438 of the Code of Civil Proced-
ure, to set off the amount due it on the mortgage indebtedness, nor are
such cross-demands deemed to be compensated, as far as they equal each
other, under section 440 of such code.

APPEAL from a judgment of the Superior Court of Los An-
geles County.    Waldo M. York, Judge.

The facts are stated in the opinion.

Walter Bordwell, for Appellant.

Isidore B. Dockweiler, for Respondent.

CHIPMAN, C.—This was an action brought by plaintiff
against defendant to recover judgment for four hundred dollars
alleged to have been deposited with the defendant by John
Schwickert as a general and ordinary deposit, payable on demand
to said Schwickert or assigns.    The complaint averred an assign-
ment by Schwickert to plaintiff.    For answer defendant showed
that at the time of the deposit Schwickert was indebted to it
upon certain promissory notes secured by mortgage; that under
the terms of the notes they were due, and that defendant had ap-
plied the money in reduction of Schwickert's indebtedness be-
fore the assignment by Schwickert to plaintiff, and before any
demand by plaintiff had been made upon it.    Judgment passed
for plaintiff, and defendant appealed.

The question thus presented is that of the right of the holder
of a debt secured by mortgage to apply in reduction or cancella-
tion of the debt a claim due by the holder to the debtor; and the
determination of this question necessarily involves a considera-

tion of the scope and meaning of section 726 of the Code of Civil Procedure, which declares that "there shall be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provision of this chapter." Appellant contends that it is settled law that where a depositor in a bank is indebted to the bank by bill, note, or other independent indebtedness, the bank has the right to apply so much of the funds of the depositor to the payment of his matured indebtedness as may be necessary to satisfy the same, and this general principle he supports with the citation of numerous pertinent authorities.

It is not denied, but it is conceded by respondent that appellant correctly states the law as an abstract proposition. But the principle is denied as applicable to this case, in which the answer shows that at the time the deposit was so applied the notes on which it was applied were secured by mortgage on real estate. The answer avers that the "property covered by said mortgage is insufficient to satisfy the debt secured thereby," but does not allege that it is wholly valueless. It is alleged in the answer, and admitted by the demurrer, that appellant took by assignment the Schwickert notes before the deposit was made, and, of course, before respondent became the owner by assignment of the deposit. Respondent, therefore, stands in Schwickert's shoes in the matter. The question recurs, Could respondent apply this deposit on the secured notes of Schwickert?

In the case of *Bartlett v. Cottle,* 63 Cal. 366, the action was brought upon a promissory note, the complaint being silent as to the mortgage. The answer set up the mortgage in abatement of the action. The court below found the security of no value, and gave plaintiff judgment. It was contended on appeal that the judgment ought not to stand because the security was not valueless when the action was commenced. Mr. Justice Thornton, in giving the decision of this court, said: "We are of opinion that the security was not without value at the time referred to. . . . . This action on the note, then, cannot be maintained under the provisions of section 726 of the Code of Civil Procedure. According to this section there can be but one action, and that of the character prescribed in it."

In the case of *Biddell v. Brizzolara*, 64 Cal. 354, it was so held, and in the opinion, given in Bank by Mr. Justice McKinstry, it was further said: "Whatever the form of the debt, the mortgagor can be legally compelled to pay no part of it until decree is entered for the sale of the premises mortgaged, and the liability which shall then accrue to him is a liability to pay only a deficiency, which shall appear on the sheriff's return. The liability of the mortgagor is, therefore, contingent on the fact that a sale of the mortgaged premises shall satisfy the debt and costs. It is against this contingency that the purchaser indemnifies him." See, also, *Porter v. Muller*, 65 Cal. 512, in which it was held that the proceeds of the sale of the mortgaged premises constitute a primary fund out of which the mortgage debt must be paid.)

In the case of *Brown v. Willis*, 67 Cal. 235, it was held that this section means that: "A mortgagor cannot be compelled to pay any part of his mortgage debt until a decree is entered for a sale of the premises mortgaged, and he then becomes liable only for such deficiency as shall appear on the sheriff's return." (Citing *Biddell v. Brizzolara, supra.*)

In the case of *Barbieri v. Ramelli*, 84 Cal. 154, the action was at law on a promissory note. The note, in fact, was secured by a junior mortgage, there being other mortgages on the same premises. The court below found that the mortgage was valueless as a security to plaintiff—that is to say, that the market value of the land and improvements put on it by defendants since their purchase was not equal in amount to the sums due on the indebtedness secured by the prior mortgages, and gave judgment for plaintiff.

Defendant claimed on appeal that the action could not be maintained because prohibited by section 726 of the Code of Civil Procedure, and this court held the point to be well taken. The opinion reiterates the position taken in previous decisions *supra*, and holds "that the plaintiff is bound by the law to pursue the remedy pointed out by the statute," and it further holds that "the plaintiff is not authorized to waive the security and bring an action on the indebtedness, and the court erred in so holding as it did in effect, and rendering judgment for plaintiff." It further points out that it was not intended to be intimated in

*Bartlett v. Cottle, supra,* that where the security is valueless an action might be brought on the indebtedness alone.   Mr. Justice McFarland concurred on the ground that the rule is settled in this state "that an independent action cannot be maintained on a debt secured by mortgage without foreclosing the mortgage," although he adds, "If the question were an open one, I would come to a different conclusion."

The question having arisen so often and in so many different forms, there remains no doubt as to how the rule stands in this state.

2. But the appellant bank claims the right to set off the amount due on the notes given by Schwickert against the assigned demand, under section 438 of the Code of Civil Procedure.

The contention is, that under this section, in an action on a contract, the defendant may set up any cause of action arising upon contract by way of counterclaim, and that counterclaim under the code includes both recoupment and setoff.   *St. Louis Nat. Bank v. Gay,* 101 Cal. 286, is cited.   That is an instructive case upon the law of counterclaim, but it is not authority or in point in a case like the one here.

The case of *Richmond v. Lattin,* 64 Cal. 273, is cited.   In that case plaintiff sued to foreclose a mortgage given to secure a note for one thousand dollars.   Defendant set up the defense that after executing the mortgage the defendant sold to plaintiff an interest in a certain patent right for the consideration of two thousand dollars, of which one thousand dollars were to be applied in satisfaction of the mortgage and payment of the note given by defendant to plaintiff, and the remaining one thousand dollars were to be paid in a specified time; that plaintiff had refused to cancel the mortgage or pay the other one thousand dollars.   The court held that the affirmative relief asked by defendant as to the one thousand dollars was sufficiently stated as a counterclaim.   Appellant apparently reasons that if this be true the converse must be also true, and that a mortgage may be pleaded as a setoff or counterclaim to an action such as this. Whether in an action at law on contract the defendant may plead a note and mortgage executed by plaintiff, and ask its foreclosure by way of setoff, raises a question not raised here and

need not be considered. Appellant in its prayer asks that respondent's claim be deemed compensated by appellant's claim—practically that it be credited on the mortgage note of appellant and appellant be left to pursue its foreclosure suit on the other side of the court.

Appellant contends that there is no reason why a demand secured by a mortgage may not be set off against an unsecured demand, and cites *Cattel v. Warwick,* 6 N. J. L. 190. I have examined the case last cited; it does not support respondent's contention. In New Jersey at that time (1822) the mortgagee apparently could sue on the debt, and in this case did so and levied execution on the equity of redemption of the mortgagor, leaving two bonds secured by the mortgage unpaid, and the question was whether, having purchased all the estate of the mortgagor, the land had not become debtor to the money and the remaining bonds or debts extinguished. The court held that these unpaid bonds might be made subject of setoff. Warwick was therefore permitted to introduce them against Cattel's claim.

Appellant cites 22 American and English Encyclopedia of Law, 280, in support of the proposition that a "defendant may set off a secured claim without surrendering the security." The proposition rests upon the case of *Wallace v. Finnegan,* 14 Mich. 170; 90 Am. Dec. 243. Finnegan sued Wallace in assumpsit on the common counts. Wallace pleaded the general issue and gave notice of a setoff, and the case turned upon the rejection of the setoff by the trial court.

The setoff was a note for four hundred and fifty dollars held by Wallace, made by Finnegan, to secure which Finnegan had delivered to Wallace certain collaterals which it was agreed should be returned to Finnegan if he paid this note, and otherwise to become the absolute property of Wallace. These collateral notes were secured by mortgage on real estate. It was held "that a person holding a collateral security is not bound, unless he chooses, to resort to it before suing upon his principal claim. When that claim is satisfied he may be compelled to surrender it as a condition of enforcing his legal demand. Nothing can be set off unless it could be sued upon, and, on the other

hand, any claim coming within the statute can be set off if it could be sued."

It will be seen the case is wholly unlike the one at bar. If the bank had held Schwickert's simple note and held certain other notes of other persons secured by mortgage, and had offered to set off Schwickert's note without surrendering the collaterals, we would have had the Michigan case over again, but the bank offered to set off one of the Schwickert notes, all of which were secured by mortgage. The case is not in point. Appellant cites no case, and I have found none, where a note secured by mortgage was allowed as a setoff to an action at law where such a statute as ours exists. But appellant alleges in its answer, and it is admitted by the demurrer, that it applied the deposit toward the payment of the Schwickert notes before its assignment to plaintiff. It is claimed that it had a right to do this, although the notes were secured by mortgage. This presents a defense, perhaps, in a form not necessarily involving an action or a right of action, but rather as showing no indebtedness of defendant to plaintiff. But does the right of a bank to apply a deposit to the matured indebtedness of the depositor to the bank apply in this state to the case where that indebtedness is secured by mortgage on real estate?

A holds the past due notes and mortgage of B. He learns of a large deposit in C bank to B's credit. A goes to C bank and sells at a discount B's notes and assigns the mortgage. Can C bank apply the deposit to the payment of these notes? And, if he could do so, could not a junior mortgagee of the same property compel the bank to appropriate and apply the deposit, and in that way obtain the benefit of it? Again, B gives his note and mortgage to C bank. He continues doing business with the bank by depositing money and drawing against it; the notes mature, and he continues to deposit money there. Can the bank seize upon a favorable moment when the deposit is large and impound and apply it and pay off the mortgage without B's consent?

As I read the decisions of this court they mean that the mortgagee, whether a banking corporation or a private individual, must first look to the mortgaged premises as constituting the primary fund out of which the debt secured by the mortgage

must be paid (*Porter v. Muller, supra,* and other cases cited); that the security must be first exhausted; if there be a deficiency it may be docketed, but this deficiency judgment does not become a lien on any other real property, and execution will not issue upon it until after the sale under foreclosure. (*Culver v. Rogers,* 28 Cal. 520; *Hibberd v. Smith,* 50 Cal. 511.)

"The liability," as was said in *Biddell v. Brizzolara, supra,* "is contingent on the fact that a sale of the mortgaged premises shall satisfy the debt and costs."

The reason of the rule that gives to banks the right to appropriate a deposit to the payment of the depositor's matured indebtedness does not apply where the bank has security for that indebtedness. The depositor's matured note, payable to the bank, is equivalent to a check drawn by him on the bank, and the right to charge up his note is practically only exercising the right to charge up his checks, for it is a presumption of law that it was his intent to have the note discharged from his deposit; and there is the reciprocal right of the depositor to have his deposit applied to the payment of the note in the event of the bank's insolvency. (Morse on Banks and Banking, secs. 557, 560.) But could there be a presumption of such intent when he had secured his note by mortgage?

It seems to me the rule contended for would compel a depositor, who is a borrower, to avoid keeping a credit account with a bank that held his note secured by mortgage; and if he kept his account elsewhere it would be imperiled by a possible transfer of the secured note to the bank where his credits were, and by this short cut payment would be enforced wholly ignoring the mortgage, and I think enlarging the rule above stated to an unauthorized extent. It would also seem but reasonable that, when the legislature declared that there should be but one action to enforce a debt secured by mortgage, it did not mean that payment could be enforced against the consent of the mortgagor by giving a bank the right to enforce payment under a general banker's lien upon some other property, and that, too, without any legal proceedings whatever. The lien given on the mortgaged premises I think was intended to be in lieu and exclusive of all implied liens. I do not see, either, why a bank should be given a right to forcibly, and against the consent of the de-

positor, appropriate his money, when, if it came into court to do so, the action would not lie, and we have seen it would not lie as counterclaim, setoff, or in whatever other form it may be presented.

The difficulty with appellant's argument is that it ignores the force and effect of section 726 of our Code of Civil Procedure. Whether as counterclaim, or setoff, or recoupment, or whatever other form the defense may assume, it is, for the purpose of the defense, an action against the plaintiff pro tanto.

"An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense" (Code Civ. Proc., sec. 22); and by section 25, same code, it is said: "A civil action arises out of: 1. An obligation; 2. An injury.

Appellant's defense offered was "an action for the recovery of a debt" which was secured by mortgage, and the Code of Civil Procedure says, section 726, "there can be but one action for the recovery of a debt, or the enforcement of any right secured by mortgage upon real or personal property, which action must be in accordance with the provisions of this chapter." The conclusion is irresistible that appellant had no right to plead its mortgage notes by way of setoff.

3. Nor does section 440 of the Code of Civil Procedure, as appellant claims, give it any right. Cross-demands of contending parties under that section can be deemed compensated, so far as they equal each other, only under such circumstances as that if one party had brought an action against the other a counterclaim could have been set up. But the action of respondent for the deposit, and the right of action of appellant to foreclose its mortgage, are not cross-demands as contemplated by that section. What would be the law if the security had become valueless is not now here a question, and is not decided. There is no allegation or finding that such was the case; all that was alleged was "that the property covered by said mortgage is insufficient to satisfy said debt secured thereby."

It is recommended that the judgment be affirmed.

Belcher, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Henshaw, J., Temple, J., McFarland, J.

Hearing in Bank denied.