[Civ. No. 591.   Third Appellate District.—May 20, 1909.]

# H. G. WILLIAMS et al., Trustees, etc., Respondents, v. A. H. PRATT et al., Respondents, and ANNA MARIA RAYMOND, Appellant.

SALE UNDER TRUST DEED—RIGHT TO SURPLUS—DEED FROM TRUSTOR— NOTICE OF PRIOR EQUITY—DEED FROM OWNER TO TRUSTOR—CONTRACT TO RESELL—PAYMENTS—MATERIAL OMISSION TO FIND.—In an action involving the right to a surplus in the hands of trustees after sale under a trust deed, in which the surplus ·was adjudged to the trustor's grantee, who took with notice of the prior equity of appellant, who, as original owner of the property, conveyed the same to the trustor, who agreed to resell the same to appellant, upon payment of the amount of the trust deed besides a further sum advanced by the trustor and such grantee, with monthly interest on the whole amount, which was payable within one year, with a forfeiture clause in case of nonpayment, and before the end of the year the sale was made, an issue joined that appellant paid and tendered all the interest due under the agreement to resell to the date of sale was material, and the failure to find thereon is ground for reversal of the judgment.

ID.—EFFECT OF PAYMENTS AS PROVIDED—OWNERSHIP OF SURPLUS IN EQUITY.—If appellant made the payments as provided in the agreement to resell to the time of sale under the trust deed, she is in equity the owner of the surplus, under the findings of the court as to such agreement, though mistaken in her contention that the transaction amounted to a mortgage.

ID.—APPEAL FROM JUDGMENT — REVIEW OF MATERIAL OMISSION IN FINDINGS—JUDGMENT UNSUPPORTED—REVERSAL.—An error in failing to find upon a material issue, upon which evidence was offered, as shown by the record upon appeal, is not necessarily required to be passed upon on appeal from an order denying a new trial, but may be reviewed upon appeal from the judgment, and such material omission in the findings ·leaves the judgment without support, and requires a reversal thereof.

ID.—CONFLICTING EVIDENCE AS TO PAYMENTS—FINDING REQUIRED.— Where there is testimony to the effect that appellant made the payments as required, notwithstanding conflicting evidence to the contrary, such conflict cannot be determined by the appellate court, and does not deprive a party of the right to have a finding upon the material issue as to such payments.

ID.—FORMER JUDGMENT OF NONSUIT NOT A BAR—FINDING CONCLUDING RESPONDENTS.—A finding in the present action, that a former

judgment of nonsuit in a prior action by appellant to collect the surplus was not a bar in favor of respondents against the appellant in this action, concludes the respondents from questioning such finding.

ID.—SUPPOSITION OF DEFAULT IN INTEREST—RELIEF IN EQUITY AGAINST FORFEITURE—COMPENSATION.—Upon the supposition of default of the purchaser in the payment of interest, equity will relieve against a forfeiture, if intended to secure the payment of the purchase money with interest, when compensation can be made, which can be done in the present case, since, prior to the year fixed for payment of the principal sum, the property was sold, through no fault of the appellant, and appellant is only required to reimburse respondents for their outlay with interest.

ID.—COMPENSATION OF CROSS-DEMANDS.—In determining whether the evidence is sufficient to show that the omission to find upon the material issue as to payments of interest by appellant until the sale, and ascertainment of the surplus, the appellant will not be deemed in default when it appears that the vendor owed the purchaser a sufficient sum to pay the interest required, and the one debt could offset the other. In such case the two demands, so far as equaling each other, are deemed compensated, under section 1440 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

J. B. Richardson, W. H. H. Hart, and Aylett R. Cotton, for Appellant.

Abe A. Leach, for Plaintiffs, Respondents.

F. W. Sawyer, for A. H. Pratt, J. T. Robinson, Geo. E. Faw, and Lizzie K. Faw, Defendants, Respondents.

BURNETT, J.—Three different actions were consolidated and tried together. In each of them was involved the question of the ownership of a fund of nearly $4,000 in the hands of plaintiffs as trustees under a trust deed of certain real property held by them as security for the payment of an indebtedness of $8,000 due to one Robert Dalziel, Sr.

On the twenty-ninth day of April, 1904, George E. Faw and his wife made to said Dalziel a promissory note for

$8,000, payable one year after date, bearing interest at eight per cent per annum, payable monthly, containing a stipulation that if the interest was not paid within two months after due the principal and interest should forthwith become due at the option of the holder of the note. The note was secured by the trust deed aforesaid and, by the terms of the latter, upon default of payment of principal or interest, the trustees, on demand of said Dalziel, were authorized to sell the property after publishing a certain notice. Default was made in the payment of interest and in accordance with the terms of said deed the property was sold, and after the payment of the expenses and of said indebtedness a surplus of $3,786.60 remained. Faw and his wife disclaimed any interest in this surplus. They conveyed said real property and assigned whatever interest they might have in said surplus to A. H. Pratt, and said Pratt conveyed one-half to J. T. Robinson, and the controversy is between Pratt and Robinson on the one hand and said Anna Maria Raymond on the other. The latter's claim is based upon the contention that on the said twenty-ninth day of April, 1904, she was the owner and in possession of said real property, and that she informed said Faw that she desired to borrow $9,500; thereupon he informed her that he could secure $8,000 of said fund from said Dalziel, provided he could secure him by a deed of trust, and that he (Faw) and A. H. Pratt would loan to her the further sum of $1,500, taking said property as security for said sums; thereupon, relying upon the statements and representations of Faw, she borrowed from him and Pratt the $1,500, and as security therefor she executed and delivered to said Faw an instrument in the form of an ordinary deed; that the only purpose and consideration for said deed was to secure the payment of said indebtedness, and in pursuance of said purpose said Faw executed and delivered to said Anna Maria Raymond an instrument, intended as a defeasance, in the form of an agreement to sell and convey to said Raymond said property on the payment of $9,500 within one year from date, with interest at eight and one-half per cent per annum, payable monthly, with a provision that "should the said party fail to comply with the terms thereof and fail to make any payment of interest for sixty days after the same shall become due, the said party of the first part shall be released

from all obligations in law or equity to convey said property and said party of the second part shall forfeit all right thereto." It was further agreed therein that said Raymond "shall have immediate and continued possession of the premises heretofore described."

It is the contention of Pratt and Robinson that said deed from Raymond to Faw was an absolute conveyance and not as security for the payment of any sum of money, and Pratt avers in his pleading that "the said Faw did make, execute and deliver to the said plaintiff said instrument, and that the same was executed and delivered solely as a contract to sell to said plaintiff, Anna Maria Raymond, the said property under the terms, time given and conditions as set forth therein, and that the same was not made as a defeasance nor as a part of any security for the payment of any sum of money or otherwise." He also claims to have been an innocent purchaser for value without notice of any interest of said Raymond except what is disclosed by the record.

Robinson's claim admittedly depends upon the validity of that of Pratt. Therefore it is necessary to consider only the controversy between the latter and the said Anna Maria Raymond.

Among the points made by appellant is that the court failed to find upon certain material issues. One of these presented by appellant's cross-complaint is that she paid and tendered all the interest that was due under said agreement of purchase.

Respondents contend that the question cannot be considered on appeal from the judgment, but must be reviewed, if at all, on an appeal from the order denying the motion for a new trial under proper specifications, which are not shown by the record herein. But it has been held by the supreme court in various decisions that the error may be reviewed on an appeal from the judgment as well as from said order. (*Knight* v. *Roche,* 56 Cal. 17; *Russell* v. *Russell,* 147 Cal. 52, [81 Pac. 297].) In the latter decision it is stated: "It is well settled that where the court fails to find upon a material issue the judgment is unsupported and will be reversed on appeal."

It is also argued that these issues are immaterial because the findings actually made support the judgment, and there-

fore any additional findings could not affect the result.
(*Robinson* v. *Muir*, 151 Cal. 124, [90 Pac. 521].)

But whatever may be true as to action 22888 in which said
Raymond was not a party, in the other two actions, in one of
which she was plaintiff, and in the other defendant and cross-
complainant, the question of her compliance with the terms
of the said purported agreement to purchase is obviously the
foundation of her claim to the surplus. It is true that she
claimed the transaction amounted to a mortgage, and the
court found· that Pratt was an innocent purchaser without
notice that the transaction amounted to anything more than
what was shown by the record. The court also found ex-
pressly that it was not a mortgage, and that "on the same
day (April 29, 1904), an agreement was executed between
said Anna Maria Raymond and said George E. Faw, which
agreement is correctly set forth in paragraph 3 of the com-
plaint," which was acknowledged and recorded "before the
execution by said George E. Faw to said A. H. Pratt of the
deed hereinbefore referred to conveying said land to said
Pratt."

We have, therefore, the judgment in favor of Pratt resting
upon the finding of a deed from the owner who had, within
the knowledge of Pratt, and as he avers, agreed to convey
the land to appellant upon certain terms. In other words,
without any finding of facts showing whether the claim of
appellant has become extinguished or has ripened into the
right to a conveyance, and, therefore, to the surplus, it ap-
pears that Pratt purchased this land subject to this equitable
interest of Raymond. If she made the payments as provided
in said agreement, it is clear that she is in equity the owner
of the surplus, although she is mistaken in her contention
that the transaction amounted to a mortgage. We think there
can be no doubt, therefore, that the issue as to the payment by
her was material and should have been determined.

If there had been no evidence of said payment, the omis-
sion to find thereon would be without prejudice, but there was
testimony to the effect that appellant made the payments as
required, and although there was evidence to the contrary,
we cannot say which the court would have followed. It will
not be disputed that a conflict of evidence does not deprive
a party of the right to have a finding upon a material issue.

Respondents further contend that a former judgment is a bar to appellant's claim. It appears that an action was brought by appellant against Faw and Pratt to recover the surplus in the hands of the trustees, but Faw disclaimed any interest and recovered his costs while a nonsuit was granted as to Pratt. Herein in reference to this judgment the court found that it was upon the merits as to Faw, but not as to Pratt, "but as to him the judgment in said action is not a bar to the action numbered 22684 as aforesaid brought by said Anna Maria Raymond against said Pratt and others." As this finding cannot be questioned by respondents it answers their contention.

Another point made by appellant is that "upon the pleadings in this case, even if the relation of Faw and Mrs. Raymond was that of vendor and vendee, and if she had made default for more than sixty days in payment of interest, she would, in equity, be regarded as the owner of the real property at the time it was sold under the deed of trust, and entitled to the proceeds remaining after paying Dalziel and what continued due Faw and Pratt for the money paid to Dalziel and for interest." In support of the position, among the authorities cited is 1 Pomeroy's Equity Jurisprudence, third edition, section 433, wherein it is said: "Where a penalty or forfeiture is used merely to secure the payment of a debt, or the performance of some act, or the enjoyment of some right or benefit, equity, considering the payment or performance, or enjoyment, to be the real thing intended by the agreement, and the penalty or forfeiture to be only an accessory, will relieve against such penalty or forfeiture by awarding compensation instead thereof, proportionate to the damages actually resulting from the non-payment, or non-performance, according to the stipulations of the agreement. The test which determines whether equity will or will not interfere in such cases is the fact whether compensation can or cannot be adequately made for a breach of the obligation which is thus secured. If the penalty is to secure the mere payment of money, compensation can always be made and a court of equity will relieve the debtor party upon his paying the principal and interest."

Here there is no doubt compensation can be made since the real estate has been converted into money, and as the

property was sold within the year in consequence of no fault of appellant, and as she does not question the right of respondents to be reimbursed for their outlay, including interest, the contention that granting her failure to pay the interest as agreed she is in equity entitled to the residue is at least entitled to serious consideration. However, respondents content themselves with the declaration that the court will not consider the point because it is the first time it has been raised—no motion having been made for a judgment upon the pleadings, and the question not having been presented by a demurrer in the court below. But assuming the position of appellant to be well taken, it is not a case. where the point is deemed to have been waived, as the judgment would be directly opposed to the pleading and admission of the prevailing party, and therefore not supported. (*Traverso* v. *Tate*, 82 Cal. 170, [22 Pac. 1082].)

We are disinclined, though, to pass upon the point without further argument, but we are of the opinion that appellant should at least be reimbursed for the amount actually paid by her under said agreement with Faw.

As they may not arise again, we consider it unnecessary to consider other points made by appellant, some of which have received no attention from respondents in their brief.

Appellant declares that "it is rarely that so much treachery and iniquity appear in a case as in this and it is evident that from the very beginning Faw and Pratt were scheming to thwart the appellant and Mrs. Roberts in their efforts to save the home."

We cannot say, however, that the court below was not entirely justified in finding that Pratt acted in perfect good faith, but for the reason stated we think there should be a new trial.

The judgment and order are therefore reversed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 19, 1909, and the following opinion was then rendered thereon:

BURNETT, J.—Respondents in their petition for rehearing invite our attention to several points that were not men-

tioned in their brief or suggested in the oral argument. These suggestions, however, have received careful attention, but they have not shaken our confidence in the correctness of our former conclusion.

As to the contention that a certain $180 could not be applied to the payment of the interest due, and therefore that appellant was in default according to her own showing, it is sufficient to refer to the testimony of Mrs. Roberts that ''Mr. Faw said we would have an interest, interest in the $200, until that comes back to my sister-in-law and until that is paid back, or if it is not paid back it can go in the end to help pay up the difference that may be necessary to come from you, your sister-in-law.'' She afterward testified that $20 of it were handed back to her by Mr. Faw, leaving a balance due from Faw of $180. Giving full credit to her testimony, then, the situation is that appellant was required to make certain payments of interest to Faw in order to be entitled to a conveyance of the property. Faw owed her $180 which if applied on said contract of sale would prevent a default. It would certainly be a reproach to the law if one debt could not be set off against the other. Indeed, the two demands, as far as they equal each other, are deemed compensated. (Code Civ. Proc., sec. 440; *Freeman* v. *Seitz,* 126 Cal. 293, [58 Pac. 690].)

The petition is denied.

Chipman; P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1909.