[Civ. No. 4918.   Fourth Dist.   Mar. 14, 1955.]

SARAH BELLE ROBERTS, Appellant, v. ULYS GREEN ROBERTS, Respondent.

Ralph Robinson for Appellant.

Matt Goldstein and William A. Quinlan for Respondent.

BARNARD, P. J.—This is a divorce action in which an interlocutory decree of divorce was entered in favor of the plaintiff on August 10, 1949, and a final decree of divorce was entered in her favor on August 21, 1950. Each of these decrees incorporated, by reference, a property settlement agreement

dated June 22, 1949, and ordered performance of the terms of the agreement by the respective parties.

The property settlement agreement provided that the defendant should receive certain personal property; that the plaintiff should receive certain personal property, including certain equipment and livestock on a parcel of real property; that the defendant should convey this real property to the plaintiff, and she should take possession on June 25, 1949; and that the plaintiff was to pay the defendant $5,500, payable in installments, the last one being due on July 1, 1953, this indebtedness to be secured by a deed of trust on this real property.

On August 31, 1953, the plaintiff filed in the divorce action an application for an order restraining the defendant and the Home Title Company from foreclosing or attempting to foreclose the trust deed which had been given to the defendant in compliance with the divorce decree; and for an order requiring the defendant to pay the plaintiff's attorneys' fees to enable her to prosecute that matter. In support of that application the plaintiff filed an affidavit alleging that the property settlement agreement was made a part of the interlocutory decree of divorce and the performance of its terms was ordered by that decree; that as a part of the property settlement agreement and decree she was to receive certain items of personal property; that when she took possession of the ranch she found portions of these items were not there; that she had certain other claims against the defendant, including one which arose from another action in which she had appeared as guardian for certain minors; that the final payment on the trust deed, under which the Home Title Company was trustee, was due on July 1, 1953; and that on that date she advised the defendant that she was offsetting the amounts referred to in her affidavit against the balance due on the trust deed. She asked that any foreclosure of the trust deed be restrained until a hearing was had and it was determined which of the parties to the action was indebted to the other.

The court issued an order requiring the defendant and the Home Title Company to show cause why they should not be enjoined from foreclosing or attempting to foreclose this deed of trust; ordering the defendant to show cause why he should not pay the plaintiff a reasonable sum for attorney's fees in this proceeding; and temporarily restraining the defendant and the Home Title Company from taking any steps toward foreclosing this deed of trust until the further order of the

court. At the hearing the defendant raised the objection that the court was without jurisdiction to grant the plaintiff the relief thus sought. The court entered an order denying the plaintiff any relief based upon her affidavit and the order to show cause which had been issued; dismissing that proceeding; vacating the temporary restraining order which had been issued; and denying this application for attorneys' fees. The plaintiff has appeared from this order.

The appellant contends that the property settlement agreement was made a part of the divorce decree and the respondent was ordered to comply with it; that under the reasoning in the case of *Flynn* v. *Flynn,* 42 Cal.2d 55 [265 P.2d 865], compliance with that decree by the respondent could be enforced by an order to show cause in this action; that the case of *Hauger* v. *Gates,* 42 Cal.2d 752 [269 P.2d 609], holds that a trustor under a deed of trust is entitled to offset money owing to him or her by the beneficiary against the amount secured by the trust deed; that the opinion in that case suggests that the most prompt procedure would be an action seeking to enjoin the trustee's sale; that this is exactly what the appellant did, in applying for the order to show cause; and that numerous cases hold that a court has the inherent power to carry out the terms of its decree.

The cases cited do not support the contentions made as applicable to the fact here. It may be conceded that this property settlement agreement became a part of the divorce decree. The parties to the divorce action divided the property, or pretended to do so, in accordance with the terms of the settlement agreement and the decree. More than four years later, when the final payment on the trust deed became due, the appellant claimed to have discovered, on taking possession, that a shortage existed in the number of cows and chickens on the ranch, and with respect to certain other items. Claiming the right to an offset or counterclaim she sought relief in the divorce action, as against both the respondent and the trustee under the trust deed, the latter not being a party to the action. While she was entitled to such an offset, if she could establish the necessary facts, it does not follow that she could do so in the manner here attempted, and nothing in the case of *Hauger* v. *Gates, supra,* would tend to so indicate. That was an action brought for the purpose of setting aside a sale made under a trust deed. It was there suggested that a more prompt procedure would have been by way of an action seeking to enjoin the trustee's sale. Instead of follow-

ing either of those procedures the appellant here sought to reopen the old litigation long after the judgment had become final, with the necessity for another hearing involving the decision of many new issues, and with a new and different party involved.

There remained nothing to modify or adjudicate in the divorce proceeding, and no reservation of jurisdiction was made by the trial court in the interlocutory or in the final decree of divorce. There is nothing in this case to bring it within the recognized exceptions which permit a continuing jurisdiction for some purposes, such as modifying orders with respect to alimony or with respect to minor children. The usual rule is that only one judgment can be rendered in a civil action and this case does not come within any of the recognized exceptions. Moreover, the main relief asked for by the appellant was the issuance of an injunction. Sections 526 and 527 of the Code of Civil Procedure provide for the issuance of an injunction in a pending action or in one brought for that purpose, when certain things appear, and that an injunction may be granted at any time before judgment. We know of no authority for the granting of an injunction in a particular action long after the judgment therein has become final. Conceding that the appellant might have been entitled to relief upon a sufficient showing in a proper action, we think the trial court had no jurisdiction to hear and determine the issues here sought to be raised in the old divorce action.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.