[Civ. No. 3199. Fifth Dist. Nov. 3, 1977.]

ROLAND S. WOODRUFF, Plaintiff and Appellant, v.
CALIFORNIA REPUBLIC BANK, Defendant and Respondent.

**COUNSEL**

Roland S. Woodruff, in pro. per., and George Wright Quick for Plaintiff and Appellant.

Mack, Bianco, Means, Mack & Stuart and Richard G. McBurnie for Defendant and Respondent.

**OPINION**

**THOMPSON, J.***—Plaintiff, Roland S. Woodruff, appeals from the granting of a motion for summary judgment and the judgment entered thereunder.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

Plaintiff is the assignee of Leo Meek and in the interest of clarity we will refer to Meek as the real party in interest unless a different context is required.

Leo Meek and his wife in 1970 executed a promissory note secured by a deed of trust upon certain real property in Tulare County. No substantial payments were made upon the note and as of the date of its maturity in 1974 there was a balance of approximately $23,361.60 in principal plus accrued interest at the rate of 10 percent.

In June of 1974 by successive levies defendant seized $5,235.61 from Mr. Meek's account which he had on deposit in defendant bank, presumably through the device of the so-called and miscalled banker's lien. No action had been brought to foreclose upon the deed of trust.

Mr. Meek assigned his claim to plaintiff herein who thereupon brought this action. Plaintiff's motion for summary judgment was denied and defendant's summary judgment motion was granted.

The resolution of this case requires no extended discussion.

It is beyond dispute that the holder of a note secured by a deed of trust must first exhaust his security before any action may be taken against the debtor and until a judgment for a deficiency has been secured. At 2 Summary of California Law (8th ed. 1973) Negotiable Instruments, section 129, page 1387, Witkin states: "If the obligation of the depositor is represented by a note secured by a mortgage, C.C.P. 726 prevents the bank from satisfying it by exercising its setoff; it must exhaust the security." (Citing cases.)

One of the cases cited by Witkin is *Gnarini* v. *Swiss American Bank* (1912) 162 Cal. 181, 184 [121 P. 726], wherein the court states: " 'The plaintiff contends that the indebtedness represented by the note was secured by this mortgage, and that therefore the bank had no right to charge this note to the deposit account. It seems to be conceded—as indeed it must be—that if the mortgage given by Cain and his wife still subsists, and is security for the indebtedness represented by the second note, the bank had no right to apply the deposit to its payment.' " In further support of the above declaration the court cited the case of *McKean* v. *German-Am. Savings Bank* (1897) 118 Cal. 334, 339 [50 P. 656].

A more recent case, *Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 38-39 [27 Cal.Rptr. 873, 378 P.2d 97], declares: In California, as in most states, a creditor's right to enforce a debt secured by a mortgage or deed of trust on real property is restricted by statute. Under California law, ". . . the creditor must rely upon his security before enforcing the debt. (Code Civ. Proc., §§ 580a, 725a, 726.) If the security is insufficient, his right to a judgment against the debtor for the deficiency may be limited or barred by sections 580a, 580b, 580d, or 726 of the Code of Civil Procedure."

Respondent's reliance on such cases as *Nelson* v. *Bank of America* (1946) 76 Cal.App.2d 50 [173 P.2d 322] and *Walters* v. *Bank of America etc. Assn.* (1937) 9 Cal.2d 46, 53 [69 P.2d 839, 110 A.L.R. 1259], is misplaced. In both of those cases the security involved had been exhausted by a judgment of foreclosure.

Nor can section 431.70 of the Code of Civil Procedure, relating to cross-demands, be of any comfort to respondent. The cross-demand therein referred to presumes a lawful and proper cross-demand, which in this case can only arise after a judgment of foreclosure has been procured and a deficiency judgment entered.

We note that there has been no disposition on the part of the Supreme Court of this state to "water down" the requirement that the underlying security on a secured obligation must be exhausted and a deficiency judgment obtained before any creditor may proceed against a debtor. We note further that the Supreme Court in the case of *Kruger* v. *Wells Fargo Bank* (1974) 11 Cal.3d 352 [113 Cal.Rptr. 449, 521 P.2d 441, 65 A.L.R.3d 266] held that a bank could not offset against a depositor's account if the depositor's funds originated from an execution-proof source, i.e., state disability insurance and unemployment compensation. We see no fundamental difference in denying a bank an offset when its reliance must be upon the security held by it to secure a loan rather than any other assets of its debtor, including bank deposits. We note further that just as a debtor may not waive exemption rights in his favor so may he not waive the right to require that a foreclosure upon the security for an obligation be had before other assets of the debtor may be reached.

We have not discussed nor do we propose to do so the cases from other jurisdictions cited by respondent. The statutes and decisional law of the State of California unequivocally dispose of the issues in this case.

The judgment is reversed.

Brown (G. A.), P. J., and Franson, J., concurred.