[No. E007055. Fourth Dist., Div. Two. Nov. 21, 1990.]

THOMAS L. APLANALP et al., Plaintiffs and Appellants, v.
ANGELO FORTE et al., Defendants and Respondents.

**COUNSEL**

John L. Fort for Plaintiffs and Appellants.

Nord & de la Flor, Andrew R. de la Flor and Brian A. Pickard for Defendants and Respondents.

**OPINION**

**DABNEY, J.**—Plaintiffs and appellants, Thomas L. Aplanalp, Margie L. Aplanalp, Peter O. Pederson, and Betty L. Pederson, appeal from a judgment following the grant of a motion for summary judgment brought by defendants and respondents, Angelo Forte and Loretta Forte. In an earlier action, defendants obtained an order allowing equitable setoff of a money judgment defendants owed to plaintiffs against delinquent payments plaintiffs owed to defendants on a purchase money note and deed of trust. Defendants then conducted nonjudicial proceedings to foreclose on the note and deed of trust. Plaintiffs contend that the setoff and subsequent trustee's sale violated the "one-action" and "collateral first" rules of Code of Civil

Procedure section 726[1] and the antideficiency rules of sections 580b and 580d, and summary judgment was therefore improper.

FACTS

In December 1981 plaintiffs purchased a mobilehome park (the property) from defendants for $618,000. Plaintiffs made a down payment of $100,000 and gave defendants a promissory note secured by a deed of trust on the property (the note) for the balance of the purchase price.

In November 1982, plaintiffs filed a complaint alleging that before the sale, defendants had made fraudulent misrepresentations about the condition of the property and improvements on the property. Meanwhile, plaintiffs failed to make payments on the note, and in August 1983, defendants began nonjudicial foreclosure proceedings. Plaintiffs obtained an injunction against the foreclosure. Following trial, the jury awarded plaintiffs $48,448 in general damages and $48,000 in punitive damages for fraud. Judgment was entered on October 23, 1985.

On November 8, 1985, defendants moved for an order to dissolve the injunction and to compel satisfaction of the judgment through setoff against payments which plaintiffs owed defendants on the note. The motion alleged that plaintiffs were in arrears in the amount of $84,057 in payments on the note and had failed to pay $11,055 in taxes. The motion was granted. However, on November 7, 1985, Thomas Aplanalp filed a petition in bankruptcy, which automatically stayed the setoff. (11 U.S.C. § 362(a).) After the bankruptcy court granted defendants' request for relief from the automatic stay, Marjorie Aplanalp filed a petition in bankruptcy. Again, defendants moved for and obtained relief from the automatic stay. On May 22, 1986, the judgment was offset against the note and was deemed satisfied.

Eight days later, in the nonjudicial foreclosure proceedings, the trustee under the note and deed of trust held a trustee's sale of the property. Defendants entered a credit bid of $694,849. The trustee conveyed title of the property to defendants and recorded a trustee's deed upon sale.

Plaintiffs then commenced the instant action. In their second amended complaint, they sought to cancel the trustee's deed and the note and deed of trust, to quiet title to the property in themselves and to recover damages. They contended that under section 726, the equitable setoff extinguished their obligations under the note.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

Defendants moved for summary judgment on the ground that, as a matter of law, plaintiffs were not entitled to such relief. Plaintiffs filed an opposition to the motion. After a hearing, the trial court granted the motion, and judgment was entered.

DISCUSSION [2]

The *"One-action" Rule.* Plaintiffs assert that once defendants set off the judgment against the note, section 726 extinguished plaintiffs' further obligations under the note. Section 726, subdivision (a) provides: "There can be but one form of action for the recovery of any debt . . . secured by a mortgage upon real property . . . , which action shall be in accordance with the provisions of this chapter . . . ."[3] This is known as the one-action rule.

The debtor may raise section 726 as an affirmative defense or may invoke it later as a sanction against a creditor who forecloses without exhausting all of the security in a single action. (*Walker* v. *Community Bank* (1974) 10 Cal.3d 729, 734 [111 Cal.Rptr. 897, 518 P.2d 329].) The sanction for failure to comply with section 726 is severe. In *Walker*, a debtor gave his creditor a promissory note secured by a chattel mortgage and a second promissory note secured by a trust deed on real property. The debtor defaulted, and the creditor judicially foreclosed the chattel mortgage and obtained a deficiency judgment. Neither the debtor nor the creditor mentioned the second secured note. Meanwhile, the debtor sold the real property to Walker. The creditor began nonjudicial foreclosure proceedings. Walker filed a complaint to quiet title and to enjoin the trustee's sale, but the trial court entered judgment in favor of the creditor. (*Id.*, at p. 732.) The Supreme Court reversed, holding that under section 726, when the creditor elected to judicially foreclose on the personal property, he lost his security interest in the real property even though the debtor did not raise section 726 as an affirmative defense in the judicial foreclosure proceedings. The court explained, "In California, as in most states, a creditor's right to enforce a debt secured by a mortgage or deed of trust on real property is restricted by statute. Under California law 'the creditor must rely upon his security before enforcing the debt. (Code Civ. Proc., §§ 580a, 725a, 726.) If the security is insufficient, his right to a judgment against the debtor for the deficiency may be limited or barred by sections 580a, 580b, 580d, or 726 of the Code of Civil Procedure.' [Citation.] However, since under section 726

---

[2] Because we determine that summary judgment was improper under section 726, we need not consider plaintiffs' argument that defendants' actions violated sections 580b and 580d as well.

[3] Although the statute refers to a mortgage, it also applies to a deed of trust. (*Bank of Italy* v. *Bently* (1933) 217 Cal. 644 [20 P.2d 940].)

'[t]here can be but one form of action for the recovery of any debt' secured by a mortgage or deed of trust on real property, where the creditor sues on the obligation and seeks a personal money judgment against the debtor without seeking therein foreclosure of such mortgage or deed of trust, he makes an election of remedies, electing the single remedy of a personal action, and thereby waives his right to foreclose on the security or to sell the security under a power of sale. [Citations.]" (*Id.*, at pp. 733-734.)

*Walker* thus stands for the proposition that a creditor who uses his "one action" is thereafter barred even from nonjudicial foreclosure.

In *Bank of America* v. *Daily* (1984) 152 Cal.App.3d 767 [199 Cal.Rptr. 557], the court discussed the sanction under section 726 when a bank had applied funds from the debtors' deposit account to make payments on a secured note and then began judicial foreclosure proceedings: "Arguably the fairest sanction is to require the Bank to refund to the Dailys the money taken from their checking account plus accrued interest as a condition to proceeding with the judicial foreclosure. This approach returns the parties to the position they were in before the setoff and avoids the harshness of precluding the Bank from foreclosing on its security. Moreover, since the security presumably is worth more than the setoff, this approach also prevents the Dailys from unfairly benefitting from the Bank's setoff action. Otherwise, that action will relieve the Dailys of their obligation to pay the full amount of a debt on which they have personal liability.

"Mitigation of harshness, however, may not serve as the rationale for deciding this case. ■ 'The classic sanction against the creditor who fails to exhaust all his security for the same debt in a single action is harsh, yet it follows inescapably from the availability of but one action to the creditor— he waives the balance of the security and he waives any claim to the unpaid balance of the debt. [Citations.]' [Citation.]

"The harshness flowing from applying section 726 as a sanction is necessary to uphold the statutory policy of protecting debtors' rights. Modern legislative and case law do not view the defaulting mortgagor (trustor) as a wrongdoer. Several statutory provisions including sections 580b, 580d, 725a and 726 protect those borrowers who default from being disadvantaged by lenders. [Citations.]" (*Daily, supra,* 152 Cal.App.3d at p. 772.)[4] ■ Under *Walker* and *Daily*, the trial court erred in granting summary judgment.

---

[4] The status of sanctions for violation of the one-action rule by exercise of the right of setoff is currently before the California Supreme Court in *Security Pacific National Bank* v. *Wozab*■ (Cal.App.).

*Equitable Offset as an Action Under Section 726.* Defendants contend that section 726 does not apply, because their exercise of equitable setoff was not an "action" within the meaning of the statute. ▉ ▉ "[E]quitable offset is a means by which a debtor may satisfy in whole or in part a judgment or claim held against him out of a judgment or claim which he has subsequently acquired against his judgment creditor. The right exists independently of statute and rests upon the inherent power of the court to do justice to the parties before it. [Citations.]" (*Salaman v. Bolt* (1977) 74 Cal.App.3d 907, 918 [141 Cal.Rptr. 841].)

▉ ▉ It is well established that a setoff is an action which invokes the sanction of section 726. In *Daily, supra,* 152 Cal.App.3d 767, the court held that under section 726, a bank waived its right to foreclose a deed of trust when it unilaterally offset accrued interest due on a secured loan from the debtors' checking account held at the bank. (*Id.,* at p. 770.) The bank asserted that the setoff did not preclude later judicial foreclosure because the setoff was not "*judicial* action and thus did not constitute the one action allowed by section 726 for its recovery of the Dailys' debt." (*Id.,* at p. 771.) The court rejected this position, noting that it was a settled question that ". . . a bank setoff against a general deposit account [footnote omitted] is an 'action' . . . for the purpose of applying the one-form-of-action rule of section 726. [Citations.]" (*Ibid.*)

Defendants attempt to distinguish *Daily* and the authorities on which it was based (*Gnarini v. Swiss American Bank* (1912) 162 Cal. 181, 184 [121 P. 726]; *McKean v. German-Am. Savings Bank* (1897) 118 Cal. 334, 340-341 [50 P. 656]; *Woodruff v. California Republic Bank* (1977) 75 Cal.App.3d 108, 110 [141 Cal.Rptr. 915]), asserting that in each of those cases, a bank exercised its banker's lien under Civil Code, section 3043. However, in *Daily,* the court noted that when the bank applied funds from the Dailys' checking account, it exercised its right of equitable setoff, not its statutory banker's lien. (*Daily, supra,* 152 Cal.App.3d at p. 771, fn. 5, citing *Kruger v. Wells Fargo Bank* (1974) 11 Cal.3d 352, 357-358 [113 Cal.Rptr. 449, 521 P.2d 441, 65 A.L.R.3d 1266].) The *Daily* court nonetheless held that the setoff was an action under section 726. Here, the case for finding a prior action is even stronger than in *Daily.* Unlike in *Daily,* defendants did not exercise self-help, but obtained a court order to enforce their equitable right of setoff. In *Mark Briggs & Associates, Inc. v. Kinestar, Inc.* (1983) 143 Cal.App.3d 483, 486 [192 Cal.Rptr. 21], the court noted that postjudgment proceedings to satisfy a judgment are part of an action. We conclude that exercise of the right of equitable setoff is an action within the meaning of section 726.

*Sections 428.10 and 431.70.* Defendants next contend that unlike the banks in cases cited above, defendants here had a cross-demand against

plaintiffs for default on the note when plaintiffs sued defendants for breach of contract and fraud. Defendants assert that sections 428.10[5] and 431.70[6] thus gave them the right to equitable offset. They argue that when legitimate cross-demands exist, equitable offset is available to a creditor, regardless of section 726, even when the debt involves a deed of trust, and that any other interpretation would result in irreconcilable conflict between the statutes.

Contrary to defendants' position, the Law Revision Commission report on section 428.10 states: "Section 428.10 places no restrictions on the right of a defendant to assert by way of cross-complaint either an unsecured claim where the original action is to foreclose a mortgage or a cause of action to foreclose upon his secured claim, *subject to Section 726 of the Code of Civil Procedure.*" (10 Cal. Law Revision Com. Rep. (1971) p. 568, italics added.) ■ We interpret this language to mean that if a secured creditor cross-complains based on his secured claim, he must follow the procedures specified in section 726, and if he fails to do so, he is subject to the sanctions inherent in section 726. Requiring a party to follow section 726 in raising a cross-complaint would not invalidate section 428.10, because the party would still have the right to raise the cross-complaint. Moreover, as the Law Revision Commission indicated, if any conflict exists, the Legislature intended section 726 to prevail.

Even if section 428.10 permits the filing of a cross-complaint to foreclose under section 726 and using any resulting deficiency judgment as a setoff (see *McKean, supra,* 118 Cal. at pp. 339-340; *Cohen* v. *Bonnell* (1936) 14 Cal.App.2d 38, 41 [572 P.2d 1326]), section 428.10 does not apply to the facts of this case. Defendants did not file an action to foreclose and to request the determination of a deficiency under section 726, nor did they file any cross-complaint under section 428.10 in plaintiffs' fraud action.

Nor does section 431.70 assist defendants. In *Woodruff, supra,* 75 Cal.App.3d 108, the court stated that section 431.70, relating to cross-demands, did not entitle the creditor to foreclose on a deed of trust after having levied funds from the debtor's deposit account to offset past due

---

[5] Section 428.10 provides: "A party against whom a cause of action has been asserted in a complaint or cross-complaint may file a cross-complaint setting forth . . . :

"(a) Any cause of action he has against any of the parties who filed the complaint or cross-complaint against him . . . ."

[6] Section 431.70 provides: "Where cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations, and an action is thereafter commenced by one such person, the other person may assert in the answer the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the person's claim would at the time of filing the answer be barred by the statute of limitations . . . ."

payments on a note secured by a deed of trust on real property. The court explained, "The cross-demand therein referred to presumes a lawful and proper cross-demand, which in this case can only arise after a judgment of foreclosure has been procured and a deficiency judgment entered." (*Id.*, at p. 111.)

Finally, defendants rely on *Hauger* v. *Gates* (1954) 42 Cal.2d 752 [269 P.2d 609]. *Hauger* is distinguishable; in *Hauger*, the court upheld the *debtors'* challenge to a trustee's sale of real property which secured a note on the ground that under former section 440 (now § 431.70), their loan was not in default because the *creditor* had refused to set off money the creditor owed the debtor against payments due on the note. (*Id.*, at pp. 754-755.) When the debtor asserts the right to setoff, section 726 is not implicated. Section 726 was intended for the protection of the debtor, and he is entitled to waive its provisions. (*Pacific Valley Bank* v. *Schwenke* (1987) 189 Cal.App.3d 134, 142 [234 Cal.Rptr. 298].) Neither section 428.10 nor section 431.70 changes the result in this case.

■   *Collateral Attack on Judgment.* Defendants next contend that plaintiffs' complaint in the instant action amounts to an invalid collateral attack on the trial court's order permitting the offset. Defendants assert that section 726 is an affirmative defense which must be affirmatively pleaded or is considered waived. (*Salter* v. *Ulrich* (1943) 22 Cal.2d 263, 268 [138 P.2d 7, 146 A.L.R. 1344].) Defendants concede that, in the alternative, section 726 is available as a sanction (*Walker, supra*, 10 Cal.3d at pp. 733-734); however, they contend that the sanction must be raised in a challenge during the foreclosure proceedings. In *Walker*, the debtors filed a lawsuit to enjoin the trustee's sale. We find defendants' position meritless. (Cf. *Hauger, supra*, 42 Cal.2d at p. 756 [rejecting claim that action to set aside trustee's sale was barred by laches].)

## DISPOSITION

The judgment is reversed.

Hollenhorst, Acting P. J., and Timlin, J., concurred.

Respondents' petition for review by the Supreme Court was denied February 21, 1991.