## BECKMAN *v.* MANLOVE, Sheriff.

PLAINTIFF recovered judgment against defendant for seizing, as Sheriff, under
execution, certain exempt property. Defendant then procured an assignment
to him of the judgment on which the execution issued, and moved the Court
to set off this latter judgment against the former : *Held*, that the motion was
properly denied; that defendant being sued as a wrong doer, the judgment of
plaintiff for the value of the property must, as between plaintiff and defendant,
be regarded as standing in place of the property; and that if defendant were
allowed in this way to take advantage of his own wrong, he would practically
defeat the purpose of the Exemption Law.

*Mallory* v. *Norton*, (21 Barb. 424) upon this question, commented on.

APPEAL from the Sixth District.

Under an execution issued on a judgment in favor of one Williams, and against Beckman & Schwegerle, defendant Manlove, as Sheriff, levied on and sold two horses and a wagon belonging to Beckman, who claimed the property to be necessary for his use as a farmer, and, therefore, exempt from execution. Beckman sued Manlove for the value; and the main defense was, that Beckman was not a farmer, but a hotel keeper in the city of Sacramento, and that the property seized was not exempt. Beckman having recovered judgment for the value of the property, Manlove then obtained an assignment to him of the Williams judgment, and made the motion stated in the opinion of the Court. Defendant, Manlove, appeals.

*E. B. Crocker*, for Appellant, cited Pr.[*] Act, secs. 5, 48; *Russell* v. *Conway*, 11 Cal. 102; *Simpson* v. *Hart*, 14 Johns, 74; Barlow on Set Off, 38, 39; *Mallory* v. *Norton*, 21 Barb. 424.

*Henry Starr*, for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, J. concurring.

The plaintiff recovered a judgment against the defendant for the seizure, under execution, of certain exempt property. The defendant afterwards procured an assignment of the judgment upon which the execution issued, and thereupon moved the Court to set off the latter judgment against the former. The Court denied the motion; and the defendant appeals.

We think the relief asked was properly refused. The defendant was sued as a wrong doer, and, as between him and the plaintiff, the judgment for the value of the property must be regarded as standing in the place of the property itself. He cannot be allowed to take advantage of his own wrong, and by an illegal act defeat the purpose of the statute. A different doctrine would operate a practical repeal of the exemption laws.

We are referred to the case of *Mallory* v. *Norton*, (21 Barb. 424) as an opposing authority. The decision in that case proceeded upon the ground that the party might have protected himself by bringing his action in the nature of replevin, for the delivery of the

property. It is sufficient for this case to say, that the plaintiff could not have compelled a return of the property even if he had brought his suit in that form. By tendering an undertaking in accordance with section one hundred and four of the Practice Act, the defendant could have retained it. Upon the recovery of judgment, he could have forced the plaintiff to a suit upon the undertaking, and thus brought the controversy to precisely the same point. The process would have been a little more circuitous, but the result would have been the same.

Order denying the motion affirmed.