[L. A. No. 7890.  In Bank.—January 12, 1925.]

JOHN ROBERTS, Doing Business as JOHN ROBERTS COMPANY, Plaintiff, Cross-Defendant and Respondent, v. MARY H. SPIRES, Defendant, Cross-Complainant and Appellant; SECURITY TRUST & SAVINGS BANK (a Corporation), et al., Defendants, Cross-Defendants and Respondents; UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation) et al., Cross-Defendants and Respondents.

[1] MECHANICS' LIENS—RIGHT TO LIEN.—Mechanics and materialmen, and all persons and laborers of every class performing labor upon, or bestowing skill or other necessary services, or furnishing materials to be used or consumed in the construction of buildings, have a lien upon the property upon which they have bestowed labor or furnished materials, for the value of such labor done and materials furnished.

[2] ID.—VALID CONTRACT—LIMIT OF LIABILITY.—If there is a valid contract, the contract price measures the limit of the amount of the liens which can be acquired against the property by laborers and materialmen.

[3] ID.—CONTRACT PRICE—FUND FOR LIEN CLAIMANTS.—The unpaid balance of the contract price constitutes a fund which is set apart for the satisfaction of lien claimants, and a charge is created by law upon the land for their benefit, to secure the payment of this balance.

[4] ID. — OFFSET BY OWNER AGAINST CONTRACTOR — RIGHTS OF LIEN CLAIMANTS.—Where there is no provision in a building contract permitting the owner to deduct damages for the contractor's delay in completing the building, or which in anywise imputes notice to laborers or materialmen that the contract price might be so diminished, the owner cannot, as against lien claimants, offset a claim against the contractor for damages resulting from such delay against the unpaid balance of the purchase price.

(1) Mechanics' Liens, 27 Cyc., p. 81.  (2) Mechanics' Liens, 27 Cyc., p. 212.  (3) Mechanics' Liens, 27 Cyc., p. 214.  (4) Mechanics' Liens, 27 Cyc., p. 333.

1.  See 18 R. C. L. 872; 17 Cal. Jur. 15.

2.  See 18 R. C. L. 944; 17 Cal. Jur. 43.

3.  See 17 Cal. Jur. 148.

4.  Right of owner of building on which lien is claimed to control application of payment, note, Ann. Cas. 1917C, 588. See, also, 17 Cal. Jur. 67.

'APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Newlin & Ashburn for Appellant.

Sheldon Borden, Lawler & Degnan, R. L. Horton, Culver & Nourse, Richard J. O. Culver, Black, Hammack & Black and J. P. Chandler for Respondents.

WASTE, J.—The defendant and cross-complainant, Mary H. Spires, has alone appealed from a portion of the judgment in the above-entitled consolidated lien case. The appeal is on the judgment-roll alone.

The appellant entered into a contract with the plaintiff and respondent Roberts for the erection of a two-story, class A building on property owned by her in the city of Los Angeles. The contractor agreed to supply all labor and materials required for the construction of the building at a price of $190,000, subject to necessary adjustments for extras or omissions made in accordance with the terms of the contract. Respondent United States Fidelity & Guaranty Company executed for Roberts a bond for the benefit of laborers and materialmen, in the sum of $95,000, and a faithful performance bond, to secure the owner, in the sum of $47,500. The contract, accompanied by plans and specifications, and the bonds were filed in the office of the county recorder before the commencement of any work. The contract provided for the completion of the entire building on February 15, 1921, which time was, by agreement, extended for a period of one month. The building was not completed, however, until August 1st. A controversy arose over a claim for damages alleged by the owner to have been caused by the contractor's delay, and, a settlement not being had, Roberts brought an action to recover the unpaid contract price, amounting to $54,947.47, with adjustment according to the determination of the court for certain extras and omissions, and to foreclose a contractor's lien on the owner's property. Appellant, by counterclaim embraced in her answer, and by cross-complaint, pressed her claim for damages, alleging that

she had been damaged in the sum of $39,351.31 by reason of delay due to the contractor's negligence in the completion of the building. Her prayer was for an offsetting of such damages against the unpaid balance of the contract price for the building then remaining in her hands. As numerous actions for the foreclosure of materialmen's liens had been brought against the contractor and the owner, appellant also asked that the various lien claimants prorate the excess of such unpaid contract price in her hands, after deducting the damages caused by the contractor's delay. The causes of the various materialmen were consolidated and tried with the action brought by the contractor.

The trial court found that there was due to materialmen the aggregate sum of $40,791.41. The lien claimants were awarded personal judgments against Roberts, and the United States Fidelity & Guaranty Company as surety upon his materialmen's bond, for their respective claims, which were adjudged to be liens upon the property of appellant. The court also found that the delay in the completion of the building was due to neglect on the part of Roberts, and awarded appellant damages against him, on account of the delay, in the sum of $36,211.35 for loss of rentals. It determined that the unpaid balance of the contract price in the hands of appellant, after making necessary allowances for extras and omissions, was $52,295.56, but held that, while appellant was entitled to offset the damages suffered by her against this unpaid balance, she was not entitled to offset such damages, or any portion thereof, against, or in priority to, the amounts adjudged to be due and payable to the respective materialmen, and constituting liens upon her premises. Appellant was accordingly ordered to first pay out of the unpaid balance of the contract price in her hands the aggregate of all sums found due to the lien claimants, together with interest and costs, or to pay the amount into court for their benefit. It was further ordered that appellant might, after deducting and paying the aggregate amount due the materialmen, offset her damages against the remainder of the balance due the contractor, she to recover of and from the plaintiff Roberts and the cross-defendant United States Fidelity & Guaranty Company the unpaid balance of her damages, amounting to $24,707.20, plus certain costs.

In short, Mrs. Spires, as the owner, is required by the terms of the judgment to first pay the materialmen the aggregate sum of $40,791.41, leaving her only the sum of $11,504.15 of the amount due the contractor to apply on her damages. She is, therefore, relegated to collecting a personal judgment for $24,707.20 against Roberts and the respondent Surety Company. It is from that portion of the judgment which requires her to substitute the uncertainty of collecting a personal judgment against the contractor and his bond, for the absolute surety of an offset of her damages against the unpaid contract price remaining in her hands, that she has appealed. She contends that to deny her the right to offset her damages in this case is to violate the letter and intent of the mechanics' lien law, which provides that the owner's liability, in all cases, is limited to the measure of the contract price, where he shall have filed, or caused to be filed, in good faith, with his original contract, a valid bond with good and sufficient sureties as required by section 1183 of the Code of Civil Procedure. She therefore invokes the application of section 440 of the Code of Civil Procedure, which provides that when cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, so far as they equal each other. That section, however, has no application to the situation presented by the circumstances of the instant case.

[1] Mechanics and materialmen, and all persons and laborers of every class performing labor upon, or bestowing skill or other necessary services, or furnishing materials to be used or consumed in the construction of buildings, have a lien upon the property upon which they have bestowed labor or furnished materials, for the value of such labor done and materials furnished. (Const., art. XX, sec. 15.) [2] If there is a valid contract, the contract price measures the limit of the amount of the liens which can be acquired against the property by laborers and materialmen. (*Pacific Portland Cement Co.* v. *Hopkins,* 174 Cal. 251, 255 [162 Pac. 1016]; *Roystone Co.* v. *Darling,* 171 Cal. 526, 532 [154 Pac. 15]; Code Civ. Proc., sec. 1183.) [3] The unpaid balance of the contract price constitutes a fund which is set apart

for the satisfaction of lien claimants, and a charge is created by law upon the land for their benefit, to secure the payment of this balance. (*Stockton Lumber Co.* v. *Schuler*, 155 Cal. 411, 413 [101 Pac. 307].) [4] The question presented, therefore, is, can the owner offset against this fund, created for the satisfaction of lien claimants, a claim arising by reason of some controversy between herself and the contractor, and thereby work a reduction or, perhaps, the entire elimination of the lien claimants' security? Under the old lien law it was held that while certain matters of offset, if provided for by the terms of the contract itself, might, both with justice and legality, be allowed, this could not be done unless the claim existing in favor of the owner and against the contractor was one of which the lien claimants had notice. "Manifestly it would be unjust," said the court, "if, as against the demands of such, the owner were allowed to plead in reduction of the contract price some claim against the contractor as to which, in the very nature of things, they could have had no notice." (*Hampton* v. *Christensen*, 148 Cal. 729, 736 [84 Pac. 200].)

The contract here involved provides for deductions because of certain enumerated omissions, but there is no provision permitting the owner to deduct damages for the contractor's delay, or which in anywise imputes notice to laborers or materialmen that the contract price might be so diminished. The owner might well have protected herself against the failure of the contractor to complete the work on time by the insertion of the requisite stipulations in the contract. She did not do so, and cannot now, for that purpose, encroach upon the balance of the contract price in her hands to the injury of the lien claimants.

The judgment is affirmed.

Richards, J., Shenk, J., Lawlor, J., Lennon, J., Seawell, J., and Myers, C. J., concurred.

Rehearing denied.

Lennon, J., and Shenk, J., dissented.